# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Joshua Stevens,**
**Petitioner Below, Petitioner**

**FILED**

April 25, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)  No. 13-0691** (Berkeley County 12-C-807)

**Evelyn Seifert, Warden,**
**Respondent Below, Respondent**


## MEMORANDUM DECISION

Petitioner Joshua Stevens, by counsel Christopher J. Prezioso, appeals an order of the Circuit Court of Berkeley County entered May 20, 2013, which denied his petition for writ of habeas corpus.  Respondent Evelyn Seifert, Warden,[1] by counsel Christopher C. Quasebarth, filed a response.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner was the subject of two multi-count indictments dated October 19, 2010.  In the first indictment, he and his co-defendant, Falon S. Mauck, were charged with five counts of forgery with a credit card belonging to victim Robin Johnson and one count of conspiracy to commit forgery of a credit card. Petitioner and his co-defendant were also charged with breaking and entering Johnson's automobile and petit larceny with regard to various items totaling approximately $265.00 in value. Additionally, the pair was charged with the first degree robbery of Matthew R. Martinez, having been accused of striking and beating him and using a knife to take and carry away money of an unknown amount.  Also with regard to victim Martinez, petitioner and his co-defendant were charged with malicious assault, assault during the commission of a felony, and conspiracy to commit robbery.

In the second indictment, petitioner was charged with burglary and grand larceny in connection with the breaking and entering of the home of William Wasson II.  Petitioner was accused of stealing money and items totaling approximately $3,279.00 in value. Petitioner was also charged with the attempted burglary of a garage adjoining the dwelling house of victim

---

[1]Pursuant to Rule 41(c) of the Rules of Appellate Procedure, we have substituted the respondent party's name with Warden Evelyn Seifert because petitioner is currently incarcerated at the Northern Correctional Facility.

1

Donald Bryarly and the burglary of Mr. Bryarly's home. Moreover, petitioner was charged with the offenses of breaking and entering of an automobile owned by victim Bobbie J. Madden; petit larceny of items taken therefrom totaling approximately $141.00 in value; and misdemeanor destruction of property, namely, the destruction of the automobile's passenger and driver side windows and causing damages in the amount of $650.00. He was also charged with obstructing an officer; the breaking and entering of an automobile, namely, a Martinsburg City Police cruiser; petit larceny of money and property taken therefrom; and misdemeanor destruction of property resulting from damage to the driver side window of the police cruiser. Petitioner was further charged with burglary and first degree arson of the dwelling house belonging to victim Clifford E. Taylor, Jr., and grand larceny and third degree arson of a 1998 Ford Explorer Sport automobile owned by victim Nicole Gregory. Finally, Petitioner was charged with the domestic battery of Falon Mauck (his co-defendant under the first indictment).

On or about March 28, 2011, Petitioner pleaded guilty under *Alford*[2] circumstances to the following felony charges for which the statutory sentences were imposed, pursuant to the plea agreement: one count of burglary (one to fifteen years of incarceration); one count of attempted burglary (one to three years); one count of arson in the first degree (a determinate eight years); one count of grand larceny (one to ten years); one count of forgery of a credit card (one to ten years); and one count of robbery in the first degree (a determinate twenty-five years). Petitioner also pleaded guilty to the misdemeanor offenses of one count of domestic battery (time served) and three counts of breaking and entering an automobile (time served). The sentences for the felony convictions were ordered to run consecutively to the misdemeanors and to each other. Petitioner's motion for reconsideration of sentence was denied by order entered September 1, 2011.[3]

Petitioner filed a petition for writ of habeas corpus on October 17, 2012. During an omnibus evidentiary hearing conducted on March 20, 2013, petitioner, inter alia, specifically waived certain allegations set forth on the Checklist of Grounds for Post-Conviction Habeas Corpus Relief, *see Losh v. McKenzie*, 166 W.Va. 762, 277 S.E.2d 606 (1981), and also waived the attorney-client privilege with regard to communications with his trial attorney. Petitioner, his mother, and his trial counsel testified at the omnibus hearing. In a Final Order Denying Petition for Writ of Habeas Corpus entered May 20, 2013, the circuit court denied petitioner's request for habeas relief. This appeal followed.

This Court reviews appeals of circuit court orders denying habeas corpus relief under the following standard:

---

[2]*North Carolina v. Alford*, 400 U.S. 25 (1970). Under *Alford,* "[a]n accused may voluntarily, knowingly and understandingly consent to the imposition of a prison sentence even though he is unwilling to admit participation in the crime, if he intelligently concludes that his interests require a guilty plea and the record supports the conclusion that a jury could convict him." *Kennedy v. Frazier*, 178 W.Va. 10, 12, 357 S.E.2d 43, 45 (1987).

[3]Petitioner did not directly appeal his conviction or sentence.

"In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syllabus point 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

Syl. Pt. 1, *State ex rel. Franklin v. McBride*, 226 W.Va. 375, 701 S.E.2d 97 (2009).

On appeal, petitioner raises three assignments of error. First, petitioner argues that he was entitled to habeas relief because he received ineffective assistance of counsel below because trial counsel failed to adequately explain and investigate the case; failed to properly explore mental defenses; and coerced petitioner into accepting the plea. More specifically, petitioner argues that trial counsel failed to hire an investigator to review petitioner's claim that the armed robbery was a "drug deal" gone bad and that he only acted in self-defense. Petitioner contends that if there had been a proper investigation, he would most likely not have pled guilty to the crimes for which he was indicted. He contends further that he advised trial counsel that he wanted "certain witnesses"[4] to be interviewed and subpoenaed but that counsel failed to do either. Furthermore, petitioner argues that he was not afforded the opportunity to assert any mental defenses regarding his capacity to commit the charged crimes.[5] He contends that he had "no recollection" of some of the alleged crimes due to his abuse of Xanax and use of methadone; that he was previously hospitalized due to his drug addiction and mental disorders; and that, prior to his arrest, he was "depressed" and suicidal. Petitioner argues that trial counsel failed to arrange a competency or mental defense evaluation prior to execution of the plea agreement. Finally, petitioner argues that he was coerced into entering into the plea agreement. He asserts that after he informed trial counsel that he did not want to accept a plea but, instead, wanted to go to trial, counsel contacted petitioner's mother who then told petitioner that he "had to take the plea" or else he was "never coming home." Petitioner argues that the discussion with his mother affected him "both 'emotionally' and 'mentally[,]'" and unduly pressured him into accepting the plea. For the foregoing reasons, petitioner argues that he was denied effective assistance of trial counsel.

Petitioner's second assignment of error is that the circuit court erred in denying his request for habeas relief because he did not have a rational understanding of the law and was mentally incompetent to enter a plea. Petitioner claims that, at the time he entered into the plea agreement, he was depressed, confused, and suffered from several forms of mental illness.[6]

---

[4]On appeal, petitioner fails to identify the "certain witnesses" to whom he refers.

[5]*See* Syl. Pt. 3, in part, *State v. Joseph*, 214 W.Va. 525, 590 S.E.2d 718 (2003) (holding that "[t]he diminished capacity defense is available . . . to permit a defendant to introduce expert testimony regarding a mental disease or defect that rendered the defendant incapable, at the time the crime was committed, of forming a mental state that is an element of the crime charged.").

[6]On appeal, petitioner fails to identify the mental illnesses from which he suffered at the time he entered his plea. Indeed, the circuit court's order concluded that petitioner "specifies no current or past diagnosed mental disorders or addictions that affected his competency." The

3

Petitioner argues that he should have undergone a competency evaluation. *See* Syl. Pt. 3, in part, *State v. Kent*, 213 W.Va. 535, 584 S.E.2d 169 (2003) (holding that the standard for determining whether a defendant is competent to stand trial or plead guilty is that he or she "'must exhibit a sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding and a rational, as well as factual, understanding of the proceedings against him.'" (internal citations omitted)).

In his final assignment of error, petitioner argues that the circuit court committed reversible error in denying petitioner's request for habeas relief because his sentence of an indeterminate term of four to thirty-eight years of incarceration to be served consecutively to a determinate sentence of thirty-three years is excessive, cruel, and inhuman and, thus, violates the Eighth Amendment to the United States Constitution. He further argues that his sentence is grossly disproportionate to the sentence of his co-defendant, who received a sentence of two to fifteen years of incarceration.

Having carefully reviewed the circuit court's order, this Court concludes that the circuit court did not abuse its discretion in denying petitioner's request for habeas corpus relief. The circuit court specifically addressed petitioner's claim of ineffective assistance of counsel and, given petitioner's own testimony and the testimony of his trial counsel and mother, the circuit court properly concluded that petitioner failed to satisfy the two-pronged test for proving that trial counsel was ineffective.[7] Likewise, with regard to petitioner's claim that he was incompetent to enter a plea, we find that the circuit court properly concluded that petitioner's claims of incompetency due to mental illness and drug addiction are not supported by the record, including petitioner's own testimony. Finally, the circuit court did not abuse its discretion in concluding that petitioner's sentence was neither excessive nor grossly disproportionate to that of his co-defendant. Indeed, the circuit court's order includes well-reasoned findings and conclusions as to all of the assignments of error raised herein. Given our conclusion that the circuit court's order and the record before us reflect no clear error or abuse of discretion, we hereby adopt and incorporate the circuit court's findings and conclusions and direct the Clerk to attach a copy of the circuit court's May 20, 2013, Final Order Denying Petition for Writ of Habeas Corpus to this memorandum decision.

---

circuit court specifically noted that, during the plea dialogue, petitioner "admitted that he was not under the influence at that time and was never treated for any mental health or addiction issues."

[7]*See* Syl. Pt. 3, *Ballard v. Ferguson*, 232 W.Va. 196, 751 S.E.2d 716 (2013), which held that

> "[i]n West Virginia courts, claims of ineffective assistance of counsel are to be governed by the two-pronged test established in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984): (1) Counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." Syllabus point 6, *State v. Miller*, 194 W.Va. 3, 459 S.E.2d 114 (1995).

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** April 25, 2014

**CONCURRED IN BY:**

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

IN THE CIRCUIT COURT OF BERKELEY COUNTY, WEST VIRGINIA

STATE ex rel. JOSHUA STEVENS,

Petitioner,

v.                                                    Case No.: 12-C-807
                                                      (Division III)

JOHN SHEELY, Warden,

Respondent.

## FINAL ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

On March 20, 2013, came the Petitioner, in person and by counsel, Christopher J. Prezioso, and the Respondent, by counsel, Christopher C. Quasebarth, Chief Deputy Prosecuting Attorney, for an omnibus habeas evidentiary hearing. Upon consideration of that evidence, the record and pleadings, the record of State v. Joshua D. Stevens, Case Nos.: 10-F-136 and 10-F-142, and the record of the Petitioner's co-defendant, State v. Falon S. Mauck, Case No.: 10-F-139), this Court denies the Petition.

I. Findings of Fact.

A. The criminal case.

1. In Case No.: 10-F-136, the Petitioner was indicted for the felonies of Burglary (x3), Attempted Burglary, Grand Larceny (x2), Arson in the First Degree and Arson in the Third Degree, and the misdemeanors of Breaking and Entering an Automobile (x2), Destruction of Property (x2), Domestic Battery, Obstruction, Petit Larceny (x2). [Indictment, Case No.: 10-F-136.]

2. In Case No.: 10-F-142, the Petitioner was indicted for the felonies of Forgery of a Credit Card (x5), Conspiracy to Commit Forgery of a Credit Card, Robbery in the First degree, Conspiracy to Commit Robbery, Malicious Assault, and Assault During the Commission of a Felony, and the misdemeanors of Breaking and Entering an Automobile and Petit Larceny. [Indictment, Case No.: 10-F-142.]

3. Pursuant to a written plea agreement, signed by the Petitioner and encompassing both cases, the Petitioner pleaded guilty under *Alford* circumstances to

the following felony charges: one count of Burglary; one count of Attempted Burglary; one count of Arson in the First Degree; one count of Grand Larceny; one count of Forgery of a Credit Card; one count of Robbery in the First Degree; and the following misdemeanor charges: one count of Domestic Battery; and three counts of Breaking and Entering an Automobile. [Conviction and Sentencing Order, 4/19/11.]

4. The statutory sentences were imposed, pursuant to the plea agreement, for each of these convictions. Burglary, 1-15 years; Attempted Burglary, 1-3 years; Arson in the First Degree, a determinate 8 years; Grand Larceny. 1-10 years; Forgery of a Credit Card, 1-10 years; Robbery in the First Degree, a determinate 25 years; Domestic Battery, time served; three counts of Breaking and Entering an Automobile, time served. The misdemeanors were ordered to run concurrently with each other. The felony convictions were ordered to run consecutively to the misdemeanors and consecutively to each other. The effective date of sentencing was the date of the conviction and sentence, making the felony sentences begin on that date, March 28, 2011. [Id.]

5. The Petitioner never appealed his conviction or sentence. [R., *passim*.]

6. The Petitioner's Motion for Reconsideration of Sentence was denied. [Order, 9/1/11.]

B. The Habeas Case.

7. The Petitioner, by counsel, filed a Petition for Writ of Habeas Corpus. [Petition for Writ of Habeas Corpus, 10/17/12.]

8. At an omnibus evidentiary hearing, the Petitioner waived certain habeas allegations and the Court heard evidence on others. [Order Following Omnibus Hearing, 3/22/13.]

9. During a colloquy with the Court, the Petitioner waived *Losh* grounds 1-5, 8-13, 15-18, 20, 22-23, 25-38, and 40-48. The Petitioner asserted that he was proceeding on grounds 6-7, 19, 21, 39, 49, 50-53. The Petitioner acknowledged that any grounds not supported in his final brief or proposed order would be deemed waived. The Petitioner

2

also waived any attorney-client privilege regarding communications had with his trial attorney, Ronald Rossi.

10. At the hearing, Drelee Stevens testified as follows. She is the Petitioner's mother. Her son took a plea close to the trial date. After speaking with her son's attorney, she told her son that he should take a plea or he would face life imprisonment.

11. On cross-examination, Ms. Stevens agreed that her son received certain benefits in the plea agreement. She had no personal knowledge of the crimes and was not present when her son committed them. She was present at his plea hearing. She remembers her son told the court he was not coerced or pressured into taking the plea.

12. The Petitioner testified as follows. He was incarcerated from the time of his arrest in May 2010 until he pleaded guilty on March 28, 2011. He was thirty-one years of age at the time of the plea hearing. He was represented throughout by attorney Ronald Rossi. He had periods of memory loss during the time of the offenses and was using drugs then. He has no recollection of some of these crimes. He met Rossi 3-4 times at the jail and sent him 10-11 letters. Rossi did not move to reduce the bail because the Petitioner had a detainer in Maryland. He has prior felony convictions for burglary and grand larceny. He did not believe that Rossi wanted to do the extra work to hire an investigator. He entered into the plea agreement because he did not believe he had any other option because he would face a life sentence if he went to trial. Rossi told him that he (the Petitioner) could not win if he went to trial. The Petitioner's mother told him to take the plea. Rossi told him that a self-defense argument to the robbery charge would not work because the victim and co-defendant would testify otherwise. Rossi told him that he had no basis for a diminished capacity defense. At the plea hearing, he understood what was going on, and had no problem with the Court's questions and answered them to the best of his ability. He entered his pleas voluntarily and knowingly. He thinks his attorney was incompetent but knows that if he did not take the plea he would get life.

3

13. On cross-examination, the Petitioner admitted that he has never received any mental health treatment, and has never been evaluated before or since his convictions. He admitted that he was charged with eighteen serious felonies, has a felony criminal history and was then wanted in Maryland for criminal offenses. In addition to the times he met with Rossi at the jail, he met Rossi every time he went to court, which numbered at least six hearings. He could not explain what would have been investigated had an investigator been hired. He understands that he could plead guilty even if he was not because he was receiving a benefit in the plea agreement. He entered his *Alford* guilty pleas so he would not have to describe what he did. He agrees that he told the court during the plea hearing that his plea was voluntary, not coerced or pressured, and that he was not then under the influence and that he was not treated for mental health or substance abuse. He loves his mother and respects her opinion. He was voluntarily intoxicated on Xanax and methadone at the time of the offenses. He remembers telling the court that he told his attorney everything about his case and that the plea agreement was in his best interests.

14. The Petitioner called no other witnesses and presented no other evidence.

15. Attorney Ronald Rossi testified as follows. He represented the Petitioner on the charges underlying this proceeding but did not review any file this testimony. The Petitioner was charged with numerous serious felonies, had a felony criminal history, and had an outstanding detainer in Maryland. He did not move for a bail reduction because he believed that it would not prevail under these circumstances. He met with the Petitioner many times in jail and in court, reviewed discovery with him and discussed the case. The Petitioner's mother called him frequently, but he did not take her calls until the Petitioner authorized him to speak with the mother. He told the Petitioner that he could get forty years to life for the robbery charge alone since the minimum sentence for that charge is ten years and forty years is not uncommon for a robbery with the use of a deadly weapon. He did not hire an investigator because the

4

circumstances surrounding the crimes charged did not necessitate one. He did not have the Petitioner evaluated since there was no history of mental illness or indication that there was a valid diminished capacity defense. He tried several times to negotiate the plea to a lesser sentence but the State opposed him. He did not coerce or pressure the Petitioner to enter the plea, but believes that the Petitioner entered into the plea knowingly and voluntarily and that the plea was in the Petitioner's best interests.

16. On cross-examination, Mr. Rossi reiterated that he did not have the Petitioner evaluated and did not hire an investigator in the criminal case.

17. The parties closed the evidence.

II. Conclusions of Law.

1. A habeas corpus procedure is "civil in character and shall under no circumstances be regarded as criminal proceedings or a criminal case." State ex rel. Harrison v. Coiner, 154 W.Va. 467, 176 S.E.2d 677 (1970); **W. Va. Code** § 53-4A-1(a).

2. A convicted criminal has the right to one omnibus post-conviction habeas proceeding. Losh v. McKenzie, 166 W.Va. 762, 277 S.E.2d 606, 609 (1981).

3. "A habeas corpus proceeding is not a substitute for a writ of error in that ordinary trial error not involving constitutional violations will not be reviewed. Syl. Pt. 4, State ex rel. McMannis v. Mohn, 163 W.Va. 129, 254 S.E.2d 805 (1979), *cert. den.,* 464 U.S. 831, 104 S.Ct. 110, 78 L.Ed.2d 112 (1983)." Syl. Pt. 9, State ex rel. Azeez v. Mangum, 195 W. Va. 163, 465 S.E.2d 163 (1995); Syl. Pt., State ex rel. Phillips v. Legursky, 187 W. Va. 607, 420 S.E.2d 743 (1992).

4. "There is a strong presumption in favor of the regularity of court proceedings and the burden is on the person who alleges irregularity to show affirmatively that such irregularity existed." Syl. Pt. 2, State ex rel. Scott v. Boles, 150 W. Va. 453, 147 S.E.2d 486 (1966); State ex rel. Massey v. Boles, 149 W. Va. 292, 140 S.E.2d 608 (1965); Syl. Pt. 1, State ex rel. Ashworth v. Boles, 148 W. Va. 13, 132 S.E.2d 634 (1963).

5. Due to this strong presumption of regularity, statutory law requires that a

5

petition for writ of habeas corpus ad subjiciendum shall "specifically set forth the contention or contentions and grounds in fact or law in support thereof upon which the petition is based[.]" **W. Va. Code** § 53-4A-2.

6. The reviewing court shall refuse, by written order, to grant a writ of habeas corpus if the petition, along with the record from the proceeding resulting in the conviction and the record from any proceeding wherein the petitioner sought relief from the conviction show that the petitioner is entitled to no relief or that the contentions have been previously adjudicated or waived. **W. Va. Code** § 53-4A-3(a), -7(a); State ex rel. Markley v. Coleman, 215 W.Va. 729, 601 S.E.2d 49, 54 (2004); Perdue v. Coiner, 156 W.Va. 467, 469-470, 194 S.E.2d 657, 659 (1979).

7. Grounds not raised by a petitioner in his petition are waived. Losh v. McKenzie, 166 W. Va. 762, 277 S.E.2d 606, 612 (1981); *see also*: State ex rel. Farmer v. Trent, 206 W. Va. 231, 523 S.E.2d 547 (1999), at 550, n. 9. Any ground that a habeas petitioner could have raised on direct appeal, but did not, is presumed waived. Syl. Pts. 1 & 2, Ford v. Coiner, 156 W. Va. 362, 196 S.E.2d 91 (1972).

8. The reviewing court has a mandatory statutory duty to enter an order denying the relief requested in a habeas petition if the record demonstrates that a habeas petitioner is entitled to no relief. **W. Va. Code** § 53-4A-7(a); *see also* **W. Va. Code** § 53-4A-3(a) and Perdue v. Coiner, *supra*.

9. The Petitioner knowingly and voluntarily waived the following *Losh* grounds: 1-5, 8-13, 15-18, 20, 22-23, 25-38, and 40-48. The record is plain that the Petitioner is not entitled to any relief on the above expressly waived grounds. **W. Va. Code** § 53-4A-3(a), -7(a); Perdue v. Coiner, *supra*. The Petitioner also knowingly and voluntarily waived the attorney-client privilege regarding Mr. Rossi.

10. Assistance of Counsel.

The Petitioner fails to meet either prong of the two-prong standard necessary to prove ineffective assistance claims: 1) counsel's performance was deficient under an

6

objective standard of reasonableness; and 2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. Syl. Pt. 1, State ex rel. Bailey v. Legursky, 200 W. Va. 770, 490 S.E.2d 858 (1997); Syl. Pt. 5, State v. Miller, 194 W. Va. 3, 459 S.E.2d 114 (1995).

Mr. Rossi represented the Petitioner in the criminal case. The Petitioner asserts that Mr. Rossi did not investigate his case and pressured him into taking a plea. The burden is on the Petitioner to show this to be true.

The record plainly demonstrates that the assertion is not true. The Petitioner admitted at the omnibus hearing that he believes that his plea was voluntary and knowing and in his best interest. The Conviction and Sentencing Order reflects that the trial court had the required dialogue with the Petitioner and, based on that dialogue, found that the Petitioner's pleas were freely, intelligently, knowingly and voluntarily made. The plea and the sentencing exactly mirror the terms of the plea agreement. The Court's dialogue includes questions of a criminal defendant and his counsel as to counsel's efforts, counsel's discussions with the defendant, the defendant's knowledge of the nature of the charges and the consequences of the plea, and whether there was any pressure from any source to enter into the plea. The Petitioner fails to identify anywhere during the plea dialogue or in the Conviction and Sentencing Order where the court erred in making the required findings.

The record further shows that of the eighteen felonies charged, Mr. Rossi worked out a deal so that he was only convicted of six felonies. The robbery which the Petitioner describes in his Petition as "the most significant crime" carries a statutory penalty that has no maximum. For that conviction, the Petitioner received the exact twenty-five year sentence he agreed to in the plea agreement for a crime where he stabbed his victim with a knife causing injury.

The Petitioner fails to show that counsel's advice regarding the guilty plea was incompetent in any manner. Losh v. McKenzie, supra; State v. Sims, 162 W. Va. 212, 248

7

S.E.2d 834, 837-839 (1978).

The Petitioner fails to demonstrate that there was available to him a diminished capacity defense or any psychological defense. He specifies no current or past diagnosed mental disorders or addictions that would rise to the level of a defense. Self-induced intoxication is not a complete defense to a criminal charge. Lacking any specificity that there may have been such defense available to him, the Petitioner fails to meet his burden of demonstrating that trial counsel was ineffective in this regard or that the outcome of his case would have been different had counsel been.

No coercion is demonstrated by the Petitioner either. He referenced in his Petition his own PSI statement where he complains that no other plea was offered, but acknowledges in his testimony before this Court that he voluntarily entered into the plea because he was facing a potential life sentence.

Based on the foregoing, the Petitioner's claim of ineffective assistance of trial counsel is denied. The record is plain that the Petitioner is not entitled to relief on these allegations of trial counsel's conduct, including unwaived *Losh* ground 21 (ineffective assistance)and unwaived grounds 6 (involuntary guilty plea), 7 (mental competency at the time of the crime), 39 (claim of incompetence at time of offense), and 50-52 (relating to the sentence and advice regarding probation and parole eligibility). **W. Va. Code §** 53-4A-3(a), -7(a); Perdue, *supra*.

11. Incompetency to Enter a Plea.

Though he expressly waived *Losh* grounds 8 and 9 (relating to mental competency, or drug use incapacity, to stand trial) at the outset of the evidentiary hearing, the Petitioner nonetheless argues that mental conditions at the time of the plea or drug addiction caused him to not have a rational understanding of the law or the plea consequences. The Petitioner fails to demonstrate that there is any evidence that he was incompetent at the time he entered his plea. He specifies no current or past diagnosed mental disorders or addictions that affected his competency. The Court's

8

plea dialogue with the Petitioner addressed these issues. The Petitioner admitted that he was not under the influence at that time and was never treated for any mental health or addiction issues. The Petitioner does not present any current or past evaluation to support his current allegation. The Petitioner acknowledged in his testimony before this Court that he voluntarily entered into the plea because he was facing a potential life sentence. The record is plain that the Petitioner is not entitled to any relief on this allegation of incompetency to enter his plea and unwaived *Losh* claims 6and 7. **W. Va. Code** § 53-4A-3(a), -7(a); Perdue v. Coiner, *supra*.

3. Sentence.

The Petitioner's claims regarding his sentence are also denied. The Court imposed the statutory sentences upon the Petitioner. The sentences are not subject to review. State v. Goodnight, 169 W.Va. 366, 287 S.E.2d 504 (1982).

The Petitioner also waived this allegation by not raising it on direct appeal. Ford v. Coiner, *supra*.

Even if subject to review, the sentencing court is given broad discretion in imposing sentence, as long as it is within the statutory limits and not based on an impermissible factor. State ex rel. Massey v. Hun, 197 W. Va. 729, 478 S.E.2d 579 (1996). *See also* State v. Lucas, 201 W. Va. 271, 496 S.E.2d 221 (1997). There is nothing excessive about the sentence that the Petitioner agreed was to be the sentence imposed upon him.

Consecutive sentences are mandated unless the sentencing court exercises discretion to run them concurrently. Syl. Pt. 3, State v. Allen, 208 W.Va. 144, 539 S.E.2d 87 (1999); **W. Va. Code** § 61-11-21.

The Petitioner's sentence is not the same as his co-defendant's. It is not disproportionate. *See* State v. Buck, 173 W. Va. 243, 314 S.E.2d 406 (1984). The Petitioner and Ms. Mauck were not similarly situated. The Petitioner was more culpable for the offenses with which he was charged, was charged with many more offenses, had a more serious criminal history, and was not cooperating with the State after arrest. The record

9

shows that the Petitioner fails to demonstrate that his sentence is unconstitutionally disproportionate.

The record is plain that the Petitioner is not entitled to any relief on these allegations of excessive or disproportionate sentence and unwaived *Losh* claims 14 (consecutive sentences for the same transaction) and 50-53. **W. Va. Code** § 53-4A-3(a), -7(a); Perdue v. Coiner, *supra.*

4. Pre-trial Bail.

Upon his guilty plea, the Petitioner waived any non-jurisdictional defect in his criminal case. *See*: State v. Legg, 207 W. Va. 686, 536 S.E.2d 110, 114 (2000). The Petitioner waived this allegation by not raising it on direct appeal. Ford v. Coiner, *supra*. Additionally, the Petitioner's pre-trial bail was plainly not unreasonable given the number of violent and felonious offenses with which he was charged. Mr. Rossi testified that the current charges, the Petitioner's past history, and the Maryland detainer led him to believe that a strategy of trying to reduce bail would not be successful.

The record is plain that the Petitioner is not entitled to relief on his allegation of bail excessive or disproportionate sentence and unwaived *Losh* claim 24 (excessiveness or denial of bail). **W. Va. Code** § 53-4A-3(a), -7(a); Perdue v. Coiner, *supra.*

5. Unwaived but Unsupported Grounds.

The Petitioner offers no basis for these grounds unwaived on his *Losh* list:

19-Unfulfilled Plea Bargain;

20-Information in Pre-sentence Report Erroneous;

49-Question of Actual Guilt Upon an Acceptable Guilty Plea;

53-Amount of Time Served on Sentence; Credit for Time Served.

Specificity in habeas pleading is required. **W. Va. Code** § 53-4A-2. SER Markley v. Coleman, *supra*. The Petitioner waived these allegations by not raising them on direct appeal. Ford v. Coiner, *supra*. Even if not waived, the record is plain that the Petitioner

10

is not entitled to any relief on the above unsupported grounds. **W. Va. Code** § 53-4A-3(a), -7(a); Perdue v. Coiner, *supra*.

Accordingly, it is hereby ORDERED that the Petition for Writ of Habeas Corpus is DENIED.

The Clerk shall enter this Order as of the date noted below and transmit attested copies to: Mr. Quasebarth and Mr. Prezioso.

The Clerk shall retire this matter from the active docket and place it among cases ended.

ENTERED: _5/20/13_

HONORABLE GRAY SILVER III
CIRCUIT JUDGE

Pprepared by:

Christopher C. Quasebarth
Chief Deputy Prosecuting Attorney
State Bar No.: 4676

A TRUE COPY
ATTEST
Virginia M. Sine
Clerk Circuit Court
By: _____
Deputy Clerk

11